### SUAREZ et al. v. SUAREZ.

(Circuit Court of Appeals, First Circuit. January 6, 1925.)

No. 1582.

**1. Wills** �købⅰⅼ661—**Bequest held to have become ineffectual for nonperformance of conditions.**

A resident of Spain by his will left one-third of his estate to son, to be selected by agreement or by lot, who should live in the family residence, subject to the obligation to provide endowments to two of his sisters. *Held*, that the essential condition of the bequest was the residence, to which the selection between the brothers was merely incident; that under Spanish Code, § 795, and Civ. Code Porto Rico, § 783, which provide that a compulsory condition must be fulfilled by a legatee when informed thereof, the selected son was required to establish the residence within a reasonable time and that, where neither son had removed from Porto Rico to the family residence in Spain within 17 years after testator's death, the bequest became ineffectual and the property became subject to distribution between the heirs.

**2. Evidence** ⊫66—**Son and beneficiary of testator presumed to learn provisions of will.**

The son of a testator, who was also a beneficiary under his will on a condition to be performed by him, may be presumed to have learned the contents of the will soon after testator's death.

Appeal from the Supreme Court of Porto Rico.

Suit in equity by Paz Alvarez Suarez against Marcial Suarez y Suarez and others. Decree for complainant, and defendants appeal. Affirmed.

Francis G. Caffey, of New York City (Cay Coll y Cuchi, of San Juan, Porto Rico, and George W. Study and Bouvier, Caffey & Beale, all of New York City, on the brief), for appellants.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

JOHNSON, Circuit Judge. This is an appeal from a judgment of the Supreme Court of Porto Rico.

Juan Suarez Rodriguez died on June 2, 1902, in Spain, testate. In his will, which was made in 1893, he designated as his sole and universal heirs his sons Marcial and Herminio, three daughters, and the children of a deceased daughter, and made the following special bequest:

"It is the will of the testator to make a special bequest of a third of all his property and rights and of another third of the same property, of which he may freely dispose, to his said sons, Marcial, Candido and Herminio Suarez, the said bequest to be assigned to the one of the three said sons who shall live and reside in the testator's family residence at Punil; and for this purpose the said three sons shall agree upon the one to receive the special bequest or, if not, the matter shall be settled by lot; and the favored or selected one shall receive in fee the entire special bequest, the usufruct of the respective third parts passing to those who may be excluded from the said special bequest, and the obligation falling on the one selected by lot or agreement to provide for his sisters, Tarsila and Sirena, endowments equal to those given to the other sisters, Aurora and Justa, whether the said sisters marry or remain unmarried and whether they live with the brother who receives the special bequest or elsewhere."

All three sons named in this special bequest resided in Porto Rico at the date of the execution of the will. Marcial has resided there ever since. Candido continued his residence there until he died, prior to his father, in 1901, unmarried; and Herminio lived there until he went to Santo Domingo and then to Madrid, Spain, where he died in 1919, after the complaint in this case had

been filed, in which he was a defendant, and his heirs were substituted for him.

Paz Alvarez Suarez, the appellee and plaintiff below, who will be hereinafter designated as plaintiff, was one of the granddaughters of the testator. In her complaint, filed in the District Court of San Juan, she alleged that the two sons, Marcial and Herminio, had neither agreed nor settled by lot who was to receive the special bequest and neither had gone to live or reside in the homestead at Punil; that the permanent residence of Marcial was in Porto Rico and that of Herminio was also there until he changed his residence to the Republic of Santo Domingo; that neither the said Marcial nor Herminio had constituted an endowment in favor of their sisters, Tarsila and Sirena, as directed by the testator in said special bequest; that the greater part of the testator's estate was situated on the Island of Porto Rico, and prayed judgment of the court declaring that none of the sons named in this special bequest had acquired any interest under it or, in the language of the prayer, that the special bequest "had become ineffectual for the following reasons"; and that the property included in it be distributed in equal parts among all the heirs of the testator.

The defendants, appellants, in their answer alleged generally that the complaint did not state a cause of action and denied that there had been no designation of the son who was to receive the special bequest, alleging that, in accordance with its provisions, Herminio and Marcial had cast lots for the said special bequest and that Marcial had won; also alleging that their residence in Porto Rico was temporary and that it was the intention of the defendant, Marcial Suarez, to return to Punil, Spain, to reside permanently in the homestead there; and that, with such intention, he, in company with his brother Herminio, had repaired the homestead. They also denied that they had failed to provide an endowment for their two sisters as required in said special bequest.

The trial court found that the plaintiff had introduced no evidence to show that the designation of the heir to receive the special bequest had not been made by agreement or by lot, and rendered judgment dismissing the complaint.

The Supreme Court in its opinion disregarded the question raised by the assignment of errors from the District Court, which was whether the burden was on the

defendants or the plaintiff to show that the conditions imposed by the testator in the special bequest had been complied with. It held that the allegation in the complaint that neither of the sons had gone to live or reside in the homestead at Punil since the death of the testator was the statement of a cause of action; that the plaintiff was not required to present evidence to show that the heir entitled to the special bequest had not been designated by agreement or by lot, and said:

"That is not the condition or the consideration of the special bequest but is incident of it, so much so that even if the designation had been made, the special bequest would still be ineffectual, inasmuch as the designated person was not living and residing at the family homestead in Punil."

In substance it held that it was the intent of the testator that the bequest should go to the son who should reside in the family homestead, and that he should do so was the condition on which he might enjoy it, and that it "could not be effective after proof that none (sic) of the defendants lives and resides in the homestead at Punil."

The Supreme Court reversed the judgment of the District Court and rendered judgment declaring the special bequest "ineffectual" and that the property subject to it should be divided among the heirs of the testator. A motion for reconsideration was denied and the court adhered to the judgment which it had rendered.

[1] There are six assignments of errors which challenge sharply the rulings of the Supreme Court that the failure of either of the sons to occupy permanently the residence in Punil was the substantial condition of the bequest; that in default of such occupancy the choosing of one of the heirs by lot was not a compliance with the condition; that the failure to do so need not be shown; and that the complainant had sustained the burden of proof by showing that no one of the beneficiaries of the special bequest had removed his residence to Punil.

Section 783 of the Civil Code of Porto Rico is as follows:

"Sec. 783. A purely compulsory condition imposed upon the heir or legatee must be fulfilled by him when, after the death of the testator, he is informed thereof. The case is excepted in which the condition has already been fulfilled and therefore cannot be carried out anew."

This section is admitted by counsel for the appellants in his brief to be identical with section 795 of the Spanish Code.

Of this section the Supreme Court said:

"As the statute provides only that the condition must be fulfilled when the heir or legatee is informed thereof, after the death of the testator, without fixing any period of time for its fulfillment, we understand that it must be fulfilled within a reasonable time, according to the circumstances of each case counting from the time when he was informed of the condition, and in the case of a special bequest made in favor of the heirs and sons of the testator, the parties favored should have been informed thereof upon the death of the testator; therefore, the lapse of seventeen years until the date of the filing of the complaint cannot be regarded as a reasonable time."

The court also held that if it could not be presumed that the defendants were informed of the special bequest at the death of the father, they were informed in regard to it on February 21, 1919, the date of the amended complaint; and that, as the answer was not filed until April, 1920, the time between these two dates was more than reasonable for complying with the condition of the bequest.

The defendants presented no evidence in the District Court. It appeared from the record that a considerable portion of the estate of the testator was inherited by him from his deceased son, Candido, and is real estate in Porto Rico, whose value is about $100,000. The will, having been executed in Spain, must be construed in accordance with the law of that country.

The appellants contend that there is nothing in the statutory law of Spain nor the Civil Law which requires a condition for the performance of which no time limit is fixed, to be fulfilled within any period of time short of the lifetime of the beneficiary; and that, under the Civil Law, Marcial has his lifetime during which to perform the condition of the bequest; that if he does not have his lifetime to comply with it the time for its performance ought to have been fixed by the court. In support of this last contention counsel cites article 1128 of the Spanish Code and section 1095 of the Porto Rican Civil Code, which in substance provide that, if no time is fixed for the performance of an obligation and it can be inferred that it was intended to grant time for its performance to the one charged with it, the duration of the time shall be fixed by the court.

In their answer the defendants admit the special bequest and allege that Marcial and Herminio cast lots for it. They admit that

they now reside in Porto Rico, but allege that their residence there is temporary and that it is the intention of Marcial to reside permanently in the homestead in Punil.

While there is no allegation in the complaint that the defendants were informed, at the death of the father, of the special bequest in his will, they have admitted in their answer that they knew about it and that they acted in accordance with its terms by designating by lot which son should receive it. They also deny that they have not made the endowments for their sisters required by the special bequest, thus showing that they had knowledge of its terms. It was in evidence that Marcial made short trips to Spain before 1914 and that his sisters were then living in the homestead and had been since the death of their father.

[2] It can be presumed that, as an heir and beneficiary, Marcial learned the contents of his father's will soon after his decease. The Supreme Court was warranted in making this presumption, and in holding that, as the condition that one of the sons should live and reside in the family homestead was not limited to any time for its performance, it must be performed within a reasonable time and that the period of 17 years since the death of the father was reasonable time for compliance with the substantial condition of the bequest. Having found that a reasonable time had been afforded for the performance of the condition, there was no necessity for the court to grant any further extension of time for the performance of the condition.

The intention of the testator which, under the civil law as under the common law, governs in the construction of wills, is evident. It was that one of his sons should take up his permanent residence in the family homestead, not alone to satisfy a natural sentiment, but also to care for his two sisters. To postpone his doing so for the period of his lifetime would plainly defeat this intent. We agree with the Supreme Court that residence in the homestead was the object of the bequest and that the designation of the son who should establish it was subsidiary to this, and that evidence that neither son had gone there to live after the lapse of 17 years was sufficient proof that the condition of the bequest had not been complied with.

The judgment of the Supreme Court of Porto Rico is affirmed, without costs in this court.